## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **COSTAR REALTY INFORMATION,** \* | |
| **INC., et al.** | |
|                                                     \* | |
|      **Plaintiffs** | |
|                                                     \* | Case No.: DKC-08-2792 |
| **v.** | |
|                                                     \* | |
| **ADS CONSTRUCTION, et al.** | |
|                                                     \* | |
|      **Defendants** | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### *MOTION FOR LEAVE TO FILE COUNTERCLAIM*

Defendants, Angelo D'Amato & Sons Construction Corp. d/b/a ADS Construction, Inc. and Polimeni International, LLC, respectfully move for leave to file a Counterclaim against the Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc., and in support thereof allege:

1. Plaintiffs initiated this action on or about October 21, 2008 asserting, among other things, claims for breach of contract, copyright infringement, and fraudulent activity in connection with computers arising from the Defendants' alleged improper use of certain software technology.

2. The Scheduling Order, entered December 11, 2008, provides a January 26, 2009 deadline for the amendment of pleadings. In accordance with the Scheduling Order, Defendants respectfully move for leave to file a Counterclaim, a copy of which is attached hereto as **Exhibit A.**

3. Rule 15 of the Federal Rules of Civil Procedure provides that once a responsive pleading is served, a party may amend a pleading only by leave of Court or by written consent of the adverse party. Such leave to amend a pleading, however, "shall be freely given when justice so requires." Fed. R. Civ. P. 15. Furthermore, there is a general presumption in favor of

allowing a party to amend pleadings." *Foman v. Davis*, 371 U.S. 178 (1962). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (citation omitted); *see also Pittson Co v. U.S.*, 199 F.3d 694, 705 (4th Cir.1999).

4. In deciding a motion to amend, the Court should consider several factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman*, 371 U.S. at 182. In the absence of these factors, "the leave sought should, as the rules require, be '<u>freely given</u>.'" *Id.*, at 182 (emphasis added).

5. Here, there has been no undue delay or bad faith in the Defendants' filing of the Counterclaim. This motion is being brought within the Court ordered time for amendment of pleadings. Moreover, discovery has yet to begin. Neither party has served or otherwise initiated written or oral discovery on the other. Indeed, discovery is not set to close until April 27, 2009. Accordingly, there is ample time for the parties to conduct discovery regarding all of the claims raised in this action, and therefore, the Plaintiffs will not be caused any unfair prejudice.

6. Furthermore, Defendants' Counterclaim is not futile and is not being brought for an improper motive. In their Counterclaim, Defendants raise claims of intentional and negligent misrepresentation, as well as breach of contract, all of which relate to the same set of facts and circumstances that give rise to the allegations raised in Plaintiffs' Complaint. Defendants in good faith believe that the Plaintiffs engaged in the improper conduct complained of in the Counterclaims, and that with discovery, they will be able to prove each element of each claim.

WHEREFORE, for the reasons set forth herein, Defendants, Angelo D'Amato & Sons Construction Corp. d/b/a ADS Construction, Inc. and Polimeni International, LLC respectfully request leave of this Honorable Court to file the attached Counterclaim.

Respectfully submitted,

/s/
Steven E. Tiller, Bar No.: 11085
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700

*Attorney for Defendants*
*ADS Construction and*
*Polimeni International, Inc.*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on this 26th day of January, 2009 a copy of the foregoing Motion for Leave to File Counterclaim was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> Shari Ross Lahlou, Esquire
> William J. Sauers, Esquire
> Crowell & Moring LLP
> 1001 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
>
> *Attorneys for Plaintiffs*
> *CoStar Realty Information, Inc.*
> *and CoStar Group, Inc.*

                                                    /s/
                                          Steven E. Tiller

1836713