UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., et al. | \* |
| | \* |
| Plaintiffs/Counter-Defendants | \* |
| | Case No.: DKC-08-2792 |
| v. | \* |
| ANGELO D'AMATO & SONS CONSTRUCTION CORP. d/b/a ADS CONSTRUCTION, INC., et al. | \* |
| | \* |
| Defendants/Counter-Plaintiffs | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## *COUNTERCLAIM*

Counter-Plaintiff/Defendants, Angelo D'Amato & Sons Construction Corp. d/b/a ADS Construction, Inc. ("ADS") and Polimeni International, LLC ("Polimeni") (collectively "Counter-Plaintiffs") respectfully file this Counterclaim against Counter-Defendants/Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively "CoStar" or "Counter-Defendants"), and allege as follows:

### *GENERAL ALLEGATIONS*

1. Counter-Defendants initiated this action on or about October 21, 2008 asserting, among other things, claims for breach of contract, copyright infringement, and fraudulent activity in connection with computers arising from the Counter-Plaintiffs' alleged improper use of certain software technology.

2. Specifically, Counter-Defendants allege in their Complaint that Polimeni impermissibly acquired ADS' user name and password to access and use a certain commercial real estate subscription service owned by one or both of the Counter-Defendants for Polimeni's commercial purposes ("CoStar database service"). Counter-Defendants' further allege that ADS

breached its license agreement with the Counter-Defendants by providing its user name and password to Polimeni, which then accessed and used the CoStar database service without CoStar's authorization or consent.

3. In direct contradiction to the allegations of the Counter-Defendants, neither ADS nor Polimeni used the CoStar database service in violation of the license agreement legally obtained and paid for by ADS. In this regard, ADS acquired a one (1) user license and "key token" which permitted individuals employed by, or working on behalf of, ADS to access the CoStar database service using any computer.

4. A salesman representing the Counter-Defendants made multiple representations to a representative of ADS that she would be permitted to access the CoStar database service from any computer at anytime using the key token. It was these representations that convinced ADS to acquire, and pay for, a license to access the CoStar database service. Without these assurances that ADS would be permitted to access the CoStar database service from any computer, ADS would not have paid for the license

5. At no time did this representative of ADS provide the key token and/or any associated password to any third party, much less to any representative of Polimeni.

## *COUNT I – INTENTIONAL MISREPRESENTATION*

6. Counter-Plaintiffs' reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 5 of the Counterclaim as if fully set forth herein.

7. Counter-Defendants made multiple representations to the Counter-Plaintiffs, both orally and in writing, that ADS' acquisition of a license and key token from the Counter-Defendants would permit ADS access to the CoStar database service from multiple computers.

8. At all times, ADS complied with these terms and the terms of its license agreement with the Counter-Defendants and limited access to the CoStar database service to only one (1) employee.

9. The Counter-Plaintiffs relied on the statements of the Counter-Defendants with regard to the right to use the CoStar database service from multiple computers.

10. The Counter-Defendants knew that the representations were false and were made for the purpose of defrauding the Counter-Plaintiffs and enticing ADS to acquire a multi-site license.

11. The Counter-Plaintiffs suffered damages as a direct result of the reliance upon these misrepresentations.

## *COUNT II – NEGLIGENT MISREPRESENTATION*

12. Counter-Plaintiffs' reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 11 of the Counterclaim as if fully set forth herein.

13. Counter-Defendants made multiple representations to the Counter-Plaintiffs, both orally and in writing, that ADS' acquisition of a license and key token from the Counter-Defendants would permit ADS access to the CoStar database service from multiple computers.

14. At all times, ADS complied with these terms and the terms of its License Agreement with the Counter-Defendants and limited access to the CoStar database service to only one (1) employee.

15. The Counter-Plaintiffs relied on the statements of the Counter-Defendants with regard to the right to use the CoStar database service from multiple computers.

16. The Counter-Defendants were negligent in making the representations and enticed ADS to acquire a multi-site license.

17. The Counter-Plaintiffs suffered damages as a direct result of the reliance upon these misrepresentations.

### COUNT III – BREACH OF CONTRACT
### (ADS v. Counter-Defendants)

18. ADS realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 5 of the Counterclaim as if fully set forth herein.

19. ADS entered into a binding contract with the Counter-Defendants which provided ADS with a one user multi-site license to access and use the CoStar database service. With this license, ADS was permitted to access the CoStar database service from any computer.

20. At all times, ADS adhered to all of the terms and conditions of its license agreement with the Counter-Defendants. In this regard, ADS did not provide any third party with its "key token" or password so that someone other than an authorized user under the agreement could access the CoStar database service.

21. Despite adhering to all of the terms and conditions of its license agreement, Counter-Defendants breached the license agreement by cutting off ADS' access to the CoStar database service.

22. As a result of the Counter-Defendants' breach of the license agreement, ADS suffered damages.

### PRAYER FOR RELIEF

Wherefore, Counter-Plaintiffs ask that this Court:

(1) Enter a judgment against Counter-Defendants that ADS has not breached its contract with the Counter-Defendants;

(2) Enter a judgment against Counter-Defendants and in favor of Counter-Plaintiffs for compensatory damages;

(3) For an award of the costs of defending itself in the underlying action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and any other applicable laws, as Counter-Defendants' claims against the Counter-Plaintiffs arise under the United States Copyright Act; and

(4) Grant Counter-Plaintiffs such other and further relief as is just.

Respectfully submitted,

/s/
Steven E. Tiller, Bar No.: 11085
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700

*Attorneys for Defendants
ADS Construction and
Polimeni International, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., et al. | * |
| | * |
| Plaintiffs/Counter-Defendants | |
| | *  Case No.: DKC-08-2792 |
| v. | |
| | * |
| ANGELO D'AMATO & SONS CONSTRUCTION CORP. d/b/a ADS CONSTRUCTION, INC., et al. | * |
| | * |
| Defendants/Counter-Plaintiffs | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REQUEST FOR JURY TRIAL

Plaintiffs/Counter-Defendants respectfully request that their Counterclaim be tried before a jury.

Respectfully submitted,

/s/
Steven E. Tiller, Bar No.: 11085
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700

*Attorneys for Defendants
ADS Construction and
Polimeni International, Inc.*

*1836631*